FILED
CLERK

7/28/2025 1:17 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------
UNITED STATES OF AMERICA,

    -against-

KURTIS PHILLIP,

       Defendant.

 -------------------------------

ORDER
No. 14-CR-0264 (JS)

APPEARANCES

For Defendant:     Kurtis Phillip, Pro Se
               9038 Parsons Boulevard
               Jamacia, New York  11432

For United States: Michael R. Maffei, Esq.
               United States Attorney's Office
               Eastern District of New York
               610 Federal Plaza
               Central Islip, New York  11722

SEYBERT, District Judge:

      Presently before the Court is the pro se motion of Defendant Kurtis Phillip ("Defendant") seeking early termination of his five years of supervised release (hereafter, the "Motion"). (See ECF No. 842; see also Reply, ECF No. 852.)  The Government opposes the Motion.  (See Opp'n, ECF No. 845.)  For the reasons stated herein, the Motion is GRANTED in part and DENIED in part.

BACKGROUND

      The Court presumes the reader's familiarity with the relevant background of this case, as more fully articulated in its Memorandum & Order denying Defendant's motion for compassionate

release, which background section is incorporated herein by reference.  See United States v. Phillip, No. 14-CR-0264, 2020 WL 5633100, at *1-2 (E.D.N.Y. Sept. 21, 2020).[1]  Nonetheless, for convenience, the Court summarizes the pertinent facts.

Defendant was indicted in October 2014 on various charges which arose out of his membership in the Crips, a street gang, and his involvement in planning and shooting at a rival street gang member, among other violent acts undertaken on behalf of the Crips.  Pursuant to a plea agreement, Defendant pled guilty to discharging firearms during crimes of violence, attempted murder, and the assault of a John Doe.  (See Plea Agreement, ECF No. 434-1; Order Accepting Plea, ECF No. 218; Judgment, ECF No. 339.)  In accordance with said plea agreement, the Government recommended, inter alia, a sentence of 120 months' incarceration, and Defendant agreed with that calculation.  (See Plea Agreement ¶2.)  However, the Probation Department recommended a sentence of 180 months' incarceration; it also recommended five years' supervised release.  (See Presentence Report ("PSR"), ECF No. 298 (sealed); Probation Sentence Recommendation, ECF No. 298-1 (sealed), at 1.)  Ultimately, the Court imposed a sentence of 120 months' incarceration and five years' supervised release; it also recommended Defendant be designated to FMC Butner, a Bureau of

---

[1]  Also located in the Case Docket at ECF No. 676.

Prisons ("BOP") medical facility in North Carolina.  (<u>See</u> Judgment at 2-3.)

On November 25, 2022, Defendant was released from BOP custody, at which time he began his supervised release.  <u>See</u> Fed. Bureau of Prisons: Find an Inmate, Kurtis Phillip (BOP Reg. No. 85447-053), <u>https://www.bop.gov/inmateloc/</u> (last visited June 25, 2025) (stating Defendant "Not in BOP Custody as of: 11/25/2022"). He now seeks early termination of said supervised release.

DISCUSSION

I.  <u>Applicable Law</u>

It is well-established a court has discretion to "terminate a term of supervised release and discharge a defendant 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" <u>United States v. Melvey</u>, No. 07-CR-0055, 2018 WL 6624193, at *1 (E.D.N.Y. Dec. 18, 2018) (quoting 18 U.S.C. § 3583(e)(1); citing <u>United States v. Lussier</u>, 104 F.3d 32, 36 (2d Cir. 1997)); <u>see also</u> <u>United States v. McKay</u>, 352 F. Supp.2d 359, 360-61 (E.D.N.Y. 2005); <u>United States v. Andrew</u>, No. 22-CR-0032, 2025 WL 1004752, at *2 (E.D.N.Y. Apr. 2, 2025).  In exercising this discretion, the court must consider Section 3553(a) Factors.  <u>See</u> 18 U.S.C. § 3583(e)(1); <u>see also</u> <u>United States v. Scarpa</u>, No. 18-CR-0123, 2024 WL 1886681, at *1 (E.D.N.Y. Apr. 30, 2024); <u>Melvey</u>, 2018 WL

6624193, at *2 ("When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).  These factors are also weighed by the Court in determining the initial sentence." (citing § 3583(e)(1), and Lussier, 104 F.3d at 36 (stating court must consider certain factors in Section 3553(a) before permitting early termination of a term of supervised release))).

"Early termination is not, however, 'warranted as a matter of course'."  United States v. Rosario, No. 17-CR-0027, 2023 WL 7305260, at *2 (S.D.N.Y. Nov. 6, 2023) (quoting United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015); further citation omitted)).  Rather, "'[f]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'"  Bastien, 111 F. Supp. 3d at 321 (quoting United States v. Fenza, No. 03-CR-0921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)); see also Andrew, 2025 WL 1004752, at *3 (denying early release from supervised release; while commending defendant for "complying with the conditions of his current supervision and for his overall progress since being released from custody", stating "such compliance is expected of one under supervision" (collecting cases)).  Indeed, as the Second Circuit explained in Lussier, "early termination is not warranted as a

matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" United States v. Osorio, No. 11-CR-0524, 2016 WL 4098589, at *1 (E.D.N.Y. July 27, 2016); Melvey, 2018 WL 6624193, at * 2 (same); see also McKay (stating "[c]hanged circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals"). "It is [the defendant's] burden to show that such early termination is appropriate." Scarpa, 2024 WL 1886681, at *1.

## II.  Application

In seeking early termination, Defendant argues, in addition to his employment as a home health aide, he: "has met the goals of re-entry into the community"; "participated in a wide range of Evidence Based Recidivism Reducing Programs and other Productive Activities throughout his incarceration"; "found time to volunteer with 'Starz of Tomorrow'" in addition to "finding employment, housing, and taking care of his personal and medical needs"; "created his own program called STAMPED, [which stands for] 'Studio Therapy Artistic Multimedia Production For Positive Emotional Development'", and which program "us[es] art as a form of therapeutic expression"; as well as "co-created a program with an athletic trainer . . . [w]hich is a development program geared

towards all ages." (Reply at (unnumbered) 3-4.) Additionally, Defendant underscores that "[w]hile in Federal Prison [he] participated in over 1000 hours of Evidence Based Recidivism Reducing Programs and other Productive Activities" which occurred "before the enactment of the First Step Act" and for which he would not be eligible for earned time credit. (Motion at (unnumbered) 6-7.) He contends this demonstrates his desire to improve himself. (See id. at (unnumbered) 7.) In that vein, Defendant asserts "[h]e has been able to apply some of the . . . cognitive behavior therapy course work he took to his day-to-day decision-making processes." (Id. (citation modified).) Furthermore, participating in various programs and coursework has fostered Defendant's continued endeavors into learning; Defendant has "enroll[ed] in a degree [program] in digital cinematography where he hopes to take these skills to create content to help others make better life decisions and not go down a similar path" as he did. (Id.; see also Phillip Support Letter, ECF No. 852 at ECF p.14 (stating "I held two jobs while attending college full-time").)

In a fairly rote manner, the Government opposes Defendant's Motion, stating: "While the [D]efendant has been compliant with his supervised release, the [D]efendant has not satisfied the high burden of establishing that he has been an 'exception' probationer warranting early termination." (Opp'n at 2.) Similarly, it conveys the viewpoint of Probation, which

acknowledges Defendant's "compliance with his conditions of supervised release", but asserts there was nothing in Defendant's Motion "that rises to the level of exceptional conduct" warranting Probation's support of Defendant's Motion. (Id.) Upon the record presented, that stance is unavailing; the oppositions of the Government and Probation are little more than "the encysted phrase 'that generally good behavior and reintegration into society does not warrant early termination of supervised release.'" United States v. Hutchinson, 577 F. Supp.3d 134, 135 (E.D.N.Y. 2021) (rejecting the Government's "almost formulaic repetition that good behavior and reintegration into society is not enough" argument, which the court likened said argument to an encysted phrase which "cease[s] to provoke further analysis").

In advancing its Opposition, the Government focuses upon the criminal actions in which Defendant participated and which formed the basis for his conviction. (See Opp'n at 2.) Indeed, the nature and circumstances of Defendant's offense of conviction, which were—undisputedly—serious, are Section 3553(a) Factors the Court must consider in deciding this Motion. It has done so, but said considerations are not dispositive. And, contrary to the Government's assertion that consideration of Defendant's history and characteristics "clearly call for the [D]efendant to serve the full term of his supervised release" (id.), the opposite holds true here. Via his Motion, Reply, and letters of support,

including his own letter (see ECF No. 852 at ECF pp. 7-16), Defendant has demonstrated "Federal Prison gave him a new lease on life where he was able to make life changing modifications to the way he l[ives], thinks, acts and behaves, which he has continually demonstrated in prison and on supervised release." (Motion at (unnumbered) 7-8.) Frustrated that the Government and Probation base their opposition to his Motion "solely on [his] past", but acknowledging his past mistakes, Defendant argues: "I have used every day since my release to prove that I am no longer the same man. I've shown consistency, discipline, and a deep commitment to bettering myself and those around me." (Phillip Support Letter, ECF No. 852 at ECF p.15.) He has submitted four letters of support attesting to same.[2] Having considered the parties' submissions, including Defendant's support letter, the Court concurs with Defendant.

---

[2] By way of example: In his May 6, 2025 "Character Reference Letter", Jamie Evelis writes, in reacquainting himself with Defendant post-release, he has "witnessed a truly inspiring transformation [of Defendant] marked by personal growth, community service, and an unwavering commitment to bettering the lives of those around him." (Evelis Recommendation Letter, ECF No. 862 at ECF p.1.) Evelis highlights Defendant has "dedicated himself to creating positive change in the community through his initiative STAMPED Studio" which "program is designed to provide emotional healing and creative outlets for youth and adults alike." (Id.) He asserts he has "seen firsthand the time, energy and resources [Defendant] has poured into this project—not for recognition, but out of a sincere desire to uplift others." (Id.)

Similar to Judge Dearie's ruling in the <u>Jiminez</u> case, where the Government opposed the defendant's motion for early termination of supervised release, this Court has:

> considered the parties' submissions <u>and the Section 3553(a) [F]actors</u> and . . . find[s Defendant]'s rehabilitation impressive. Indeed, [the Court] choose[s] not only to acknowledge it, but also to reward his determination to lead a responsible life and the success he has already realized. It is true, as the [G]overnment notes, that compliant behavior is to be expected of all those on supervised release. However, this is an unusual case that invites exception in [Defendant]'s favor and, just as importantly, serves the interest of justice by reminding others that such laudable progress is possible and will reap rewards.

<u>United States v. Jiminez</u>, No. 92-CR-0091, 2021 WL 535208, at *2 (E.D.N.Y. Feb. 12, 2021) (emphasis added); <u>see also</u> <u>Hutchinson</u>, 577 F. Supp. 3d at 135 (over the Government's formulaic objection, having considered the Section 3553(a) Factors, as well as support letters from community organizations for which defendant volunteered his time and ability, granting defendant's motion to terminate supervised release because defendant's "good conduct, the successful achievement of the objective of supervised release, and the interest of justice" warranted granting said relief).  To do otherwise in this instance would be to suggest "the denial is for punishment and not rehabilitation", which the Court will not countenance.  <u>Hutchinson</u>, 577 F. Supp. 3d at 135 ("Denial of a request for early termination of supervised release by a defendant

whose behavior has been good, who has reintegrated into society, and who satisfied all other conditions of supervised release, would suggest that the denial is for punishment and not rehabilitation."). Nonetheless, in its discretion, in granting Defendant's Motion, the Court does so to the extent that Defendant's term of supervised release shall be REDUCED TO THREE (3) YEARS. In sum, upon the record presented, early termination of supervised release is warranted by the interest of justice. See 18 U.S.C. § 3583(e)(1). Defendant shall complete his term of supervised release at the end of a three-year term.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion (ECF No. 842) is **GRANTED in part** and **DENIED in part** to the extent that his term of supervised release is **REDUCED TO THREE (3) YEARS**. The Clerk of Court is directed to serve Defendant with a copy of this Order at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July 28, 2025
         Central Islip, New York